IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-50569-CAG |
| OWLATES CHILDCARE, LLC | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

## APPLICATION OF OWLATES CHILDCARE, LLC FOR AUTHORIZATION TO USE CASH COLLATERAL

TO THE HONORABLE CRAIG A. GARGOTTA, CHIEF JUDGE,
UNITED STATES BANKRUPTCY COURT:

NOW COMES, Owlates Childcare, LLC, Debtor in Possession in the above styled and numbered Chapter 11 bankruptcy case, and files this its Application for Authorization to Use Cash Collateral, and in support thereof would respectfully show the Court the following:

1. On March 3, 2026, Owlates Childcare, LLC (hereinafter called "Debtor") filed its voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, and since such date it has continued in possession and control of its estate and operated its business as a Debtor and Debtor in Possession.

2. The Debtor and its counsel ran a UCC search in the Texas Secretary of States records and located what appears to be a number of MCA liens. Debtor's personal property includes equipment

L & B 09118/0001/L0466399.WPD             1

used in the operation of the business with a value of $10,000.00. The Debtor also has a small amount of funds owed to it from the operation of its business (approximately $7,000.00 from CCS). Many of the MCA lenders take the position that they purchased accounts receivable of the Debtor, but take security interests in the Debtor's assets, including accounts receivable and personal property, which is not necessary and inconsistent with a purchase.

3.  The Debtor is attempting to match the UCC filings by the MCA Lenders to their claims. It will be much easier to determine the proper lien priority when the MCA Lenders have filed their Proofs of Claim. Most of the MCA Lender agreements assert that they are for the purchase of future accounts receivable, but the Debtor disputes that part of the various MCA agreement, since the MCA lender is asserting the purchase of accounts receivables, along with a UCC filing in accounts receivable. The Debtor is also asserting inappropriate conduct of part of the MCA lenders, including usury and excessive fees/charges, and is planning on pursuing such claims and causes of actions against these MCA lenders.

4.  The Debtor seeks authority under 11 U.S.C. §363(c)(2)(B) to use the cash collateral of the various MCA lenders to sustain the Debtor's ongoing operations. The Debtor has begun reviewing the MCA loan documents and is discovering offensive/excessive charges that appear have been assessed against this Debtor. Debtor has insufficient other unencumbered cash resources, and has been unable to obtain sufficient post-petition credit to administer its business other than pursuant to §363 of the Bankruptcy Code.

5. Debtor requires the continued use of cash collateral to make payments on, among other things, taxes, rental payments, insurance, payroll, payroll expenses, utility charges, and the costs of supplies used in the operation of the business. Such expenses are encountered by Debtor in the ordinary course of the Debtor's business, and payment of these expenses is critical to the continued existence of the Debtor and the administration of the case and bankruptcy estate. A copy of the Debtor's proposed budget is attached hereto as Exhibit "A".

6. The Debtor proposes to provide adequate protection to the MCA lenders to the extent required by this Court, in the form of the following:

a. Replacement liens on all proceeds and accounts receivable generated by the use of cash collateral (if any); and

b. The right to inspect and copy the Debtor's books and records during ordinary business hours upon at least 72 hours prior notice.

c. Possible monthly payments in the future to be determined once the allowed liens and lien position of creditors is determined by the Court.

7. In the event that a hearing cannot be conducted immediately, the Debtor requests preliminary, interim authorization to use cash collateral to fund the Debtor's operations for a period of thirty (30) days pursuant to the terms contained in the budget attached hereto as Exhibit "A".

8. The Debtor submits that the use of cash collateral in the Debtor's continued operations is in the best interest of the Debtor's estate and the Debtor's creditors.

9. A copy of the Order uploaded with this Motion is attached hereto.

WHEREFORE, PREMISES CONSIDERED, Owlates Childcare, LLC requests that the Court authorize it to use the cash collateral of all parties determined to have allowed liens in the Debtor's accounts receivable, if any, based upon the lien priority as it existed as of the filing of this bankruptcy case upon the terms and conditions set forth herein, and for such other and further relief to which Debtor may show itself entitled.

Date: March 4, 2026

                                        Respectfully submitted,

                                        */s/ William R. Davis, Jr.*
                                        WILLIAM R. DAVIS, JR.
                                        State Bar No. 05565500
                                        LANGLEY & BANACK, INC.
                                        745 E. Mulberry, Suite 900
                                        San Antonio, TX 78212
                                        (210) 736-6600

                                        Attorneys for Owlates Childcare, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that on March 4, 2026, a true and correct copy of the above and foregoing instrument was mailed, first class, postage prepaid to the attached notice list.

                                        */s/ William R. Davis, Jr.*
                                        WILLIAM R. DAVIS, JR.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 26-50569-cag<br>Western District of Texas<br>San Antonio<br>Wed Mar  4 14:45:02 CST 2026 | Owlates Childcare, LLC<br>P.O Box 761563<br>San Antonio, TX 78245-6563 | U.S. BANKRUPTCY COURT<br>615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205-2055 |
| Arcadia Servicing, Inc.<br>99 Washington Ave. Suite 700<br>Albany, NY 12210-2807 | (p)LINEBARGER GOGGAN BLAIR & SAMPSON LLP<br>ATTN DON STECKER<br>112 E PECAN<br>SUITE 2200<br>SAN ANTONIO TX 78205-1588 | Elevate Funding<br>5200 NW 43rd St. Suite 102-134<br>Gainesville, FL 32606-4484 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Ironwood Finance, Inc.<br>127 Second St.<br>Corpus Christi, TX 78404 | LCF Group, Inc.<br>Legal Department<br>3000 Marcus Ave. Suite 2W15<br>Lake Success, NY 11042-1005 |
| Limelight Advance, LLC<br>2728 Kings Highway Suite A16<br>Brooklyn, NY 11229-1731 | Texas Health & Human Services Commission<br>P.O. Box 13247<br>Austin, TX 78711-3247 | The Citrus Group<br>5014 16th Ave. Suite 124<br>Brooklyn, NY 11204-1482 |
| Tisha Percival<br>P.O. Box 761563<br>San Antonio, TX 78245-6563 | United States Attorney<br>601 Nw Loop 410 Ste 600<br>San Antonio, TX 78216-5597 | United States Attorney General<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530-0001 |
| United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>San Antonio, TX 78205-2055 | Verizon Wireless<br>P.O. Box 650051<br>Dallas, TX 75265-0051 | Winward Partners II, Ltd.<br>c/o Espada Property Management<br>1160 Commerce St. #200<br>San Antonio, TX 78205-3342 |
| Michael James O'Connor<br>Law Office of Michael J. O'Connor<br>The Spectrum Building<br>613 NW Loop 410, Suite 840<br>San Antonio, TX 78216-5507 | William R. Davis Jr<br>Langley & Banack, Inc.<br>745 E. Mulberry Ave, Suite 700<br>San Antonio, TX 78212-3172 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Bexar County Tax Assessor/Collector<br>P.O. Box 839950<br>78283-3950 | (d)Don Stecker<br>Linebarger Goggan Blair & Sampson, LLP<br>112 E. Pecan St. Suite 2200<br>San Antonio, TX 78205 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.